OPINION OF THE COURT
Richard F. Braun, J.
This is an action by plaintiff, an insurance company, to recover an insurance policy premium from defendant, its insured. Defendant brought a third-party action against its insurance broker, the third-party defendant. This action was removed to this court pursuant to CPLR 325 (d).
On July 19, 1994, plaintiff’s attorney served a Notice of Trial and Certificate of Readiness for Trial (Notice of Trial), without a jury demand, on the attorneys for defendant/third-party plaintiff (defendant) but not on the attorney for third-party defendant. According to the latter, a copy of the Notice of Trial was forwarded to him by defendant. Defendant did not demand a jury trial. On August 12, 1994, third-party defendant’s attorney served a jury demand on the attorneys for the other two parties. On that date, the attorney for third-party defendant tried to file his jury demand in the Supreme Court, New York County, and found out that the action had been transferred to the Civil Court. He then amended the jury demand and attempted to file it in the Civil Court, but the demand was rejected as untimely, pursuant to CCA 1303 (a). Third-party defendant now moves for leave to serve and file a jury demand.
Third-party defendant argues that its failure to serve and file a timely jury demand was due to a mistake created by plaintiff’s attorney’s not serving him with copies of the order pursuant to CPLR 325 (d) and the Notice of Trial. However, the affirmation of service of the third-party answer states that service thereof was made only on the attorneys for defendant. Plaintiff’s attorney is correct that because he was never served with the third-party answer, plaintiff did not have to serve the Notice of Trial (or any other papers) on third-party defendant.
CPLR 1008 provides that a third-party defendant must serve the third-party plaintiff with an answer to the third-party complaint, but does not speak to whether the third-party answer must be served on the plaintiff. Civil Practice Act § 193-a (2), the predecessor to CPLR 1008, provided that a third-party defendant had to serve copies of the third-party answer on the attorneys for the third-party plaintiff and for the plaintiff. It was unnecessary to put in CPLR 1008 a requirement that the *67 plaintiff or its attorney(s) be served with the third-party answer because CPLR 2103 (e) requires that all papers served in an action must be served on every party who has appeared in the action (Legislative Studies & Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 1008, at 121). Furthermore, CPLR 1009 implicitly recognizes the requirement that a third-party answer must be served on a plaintiff’s counsel. It provides: "Within twenty days after service of the answer to the third-party complaint upon plaintiff’s attorney, the plaintiff may amend his complaint without leave of court to assert against the third-party defendant any claim plaintiff has against the third-party defendant.” (Emphasis added.) Thus, a third-party defendant must serve a copy of the third-party answer on the plaintiff in an action (2 Weinstein-Korn-Miller, NY Civ Prac 1008.01).
The failure to require such service would prejudice a plaintiff because the plaintiff would be unable to assert its right, pursuant to CPLR 1009, to interpose any claims that it may have against the third-party defendant. It would be an illogical statutory interpretation only to allow a plaintiff such right where a third-party defendant gratuitously served the plaintiff with the answer to the third-party complaint.
Here, third-party defendant did not serve plaintiff with the third-party answer. When it served defendant’s attorney with the third-party answer in this action, third-party defendant appeared, pursuant to CPLR 320 (a), but defectively so, due to its failure to serve plaintiff’s attorney with its third-party answer. Third-party defendant did support its motion with a copy of its third-party answer. When those motion papers were served on plaintiff’s attorney, third-party defendant finally completed the service of its third-party answer in this action, pursuant to CPLR 2103 (e), albeit untimely (see, CPLR 320 [a]; 3012). Third-party defendant has not sought to remedy its untimeliness.
CCA 1303 (a) provides, in part: "Either party after joinder of issue may demand a trial by jury. The demand must be made in writing and must be filed with the clerk with the notice of trial set forth in § 1301. Any other party to the action within ten days after the service of a copy of the notice of trial upon him unaccompanied by a written notice demanding a trial by jury, may serve upon the attorneys for all the other parties to the action a written notice demanding a jury trial and file a copy of such notice with the clerk within three days after service thereof.” (Emphasis added.) Third-party defendant’s request for a jury demand was premature, at best. Issue was not fully joined as to third-party defendant until third-party *68 defendant served its third-party answer on plaintiffs counsel, who did not have to serve the Notice of Trial on third-party defendant’s counsel, pursuant to CCA 1303 (a), because the latter had not complied with CPLR 2103 (e). Thus, third-party defendant has no right to a jury trial in this action.
Therefore, the motion must be denied. This action may proceed to trial before a Judge without a jury.